**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
CLERK

3:55 pm, Mar 27, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

SECURITIES AND EXCHANGE
COMMISSION,

                          Plaintiff,

        -against-

SURAGE KAMAL ROSHAN PERERA and
JANUES CAPITAL INCORPORATED,

                          Defendants,

        -and-

NISHANI ALAHAKOON,

                          Relief Defendant.

23 Civ. 2316 (   )(   )

## [PROPOSED] ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER ENJOINING DEFENDANTS FROM CONTINUING VIOLATIONS OF THE SECURITIES LAWS, FREEZING DEFENDANTS AND THE RELIEF DEFENDANT'S ASSETS, AND GRANTING OTHER RELIEF

On the Emergency Application ("Application") of the Plaintiff Securities and Exchange

Commission (the "Commission") for an Order:

(1)     Directing Defendants Surage Kamal Roshan Perera ("Perera") and Janues Capital

        Incorporated ("Janues") (collectively "Defendants"), to show cause why an order

        should not be entered, pending a final disposition of this action:

        (a) Enjoining Defendants from ongoing and future violations of Section 17(a) of

            the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; Section

            10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C.

            § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder; and Sections

206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] and enjoining Defendants from soliciting new clients and soliciting additional funds from existing clients;

(b) Freezing Defendants' assets, including, but not limited to, the accounts set forth below; and

(c) Enjoining Defendants from destroying evidence; and

(2)     Pending adjudication of the foregoing, an order:

(a) Enjoining Defendants' from ongoing and future violations of Securities Act Section 17(a) [15 U.S.C. § 77q(a)]; Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder; and Advisers Act Section 206(1) and 206(2) [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] and enjoining Defendants from soliciting new clients and soliciting additional funds from existing clients;

(b) Freezing Defendants' assets, including, but not limited to, the accounts set forth below;

(c) Permitting the Commission to conduct expedited discovery;

(d) Ordering the Defendants to provide sworn accountings; and

(e) Enjoining Defendants from destroying evidence; and

(3)     Directing Relief Defendant Nishani Alahakoon ("Alahakoon" or "Relief Defendant"), to show cause why an order should not be entered, pending a final disposition of this action:

(a) Freezing the Relief Defendant's assets, including, but not limited to, the account set forth below; and

2

      (b) Enjoining the Relief Defendant from destroying evidence; and

(4)    Pending adjudication of the foregoing, an order:

      (a) Freezing Relief Defendant's assets, including, but not limited to, the account set forth below;

      (b) Permitting the Commission to conduct expedited discovery;

      (c) Ordering the Relief Defendant to provide a sworn accounting; and

      (d) Enjoining the Relief Defendant from destroying evidence.

The Court has considered: (a) the Commission's Emergency Application for an Order to Show Cause and Temporary Restraining Order Enjoining Defendants from Continuing Violations of the Securities Laws, Freezing Defendants' and Relief Defendant's Assets, and Granting Other Relief; (b) the Complaint in this action filed on March 27, 2023; (c) the Commission's Memorandum of Law in Support of its Emergency Application for an Order to Show Cause and Temporary Restraining Order Enjoining Defendants from Continuing Violations of the Securities Laws, Freezing Defendants' and Relief Defendant's Assets, and Granting Other Relief; (d) the Declaration of Austin Thompson, dated March 27, 2023, and attached exhibits; and (e) the Declaration of Kevin P. McGrath Pursuant to Local Rule 6.1, dated March 27, 2023.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)]; Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]; and Section 209(d) of the Advisers Act [15 U.S.C. § 80b-9(d)] has been made for the relief granted herein, for the following reasons:

It appears from the evidence presented that, as charged in the Complaint, the Defendants have violated, and unless temporarily restrained, will continue to violate Section 17(a) of the

3

Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Sections 206(1) and 206(2) of the Advisers Act.

It appears from the evidence presented that Defendants and the Relief Defendant have received ill-gotten gains derived from Defendants' unlawful conduct, and that at least some of these funds have been deposited into accounts controlled by Defendants and the Relief Defendants, including those described below.

It appears that Defendants and the Relief Defendant may attempt to dissipate, deplete, or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties.  It appears that an order freezing the Defendants' and the Relief Defendant's assets, as specified herein, is necessary to preserve the *status quo,* to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from securities law violations, prejudgment interest thereon, and civil money penalties, and to preserve the Court's ability to approve a fair distribution for victims.

Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.  It is therefore appropriate for the Court to issue this Order to Show Cause and Temporary Restraining Order so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

This Court has jurisdiction over the subject matter of this action and over the Defendants and Relief Defendant and venue properly lies in this District.

**NOW, THEREFORE,**

**I.**

~~IT IS HEREBY ORDERED~~ that the Defendants show cause, if there be any, to this 

Court at _____ ___.m. on the _____ day of _____, 2023, via teleconference at

telephone number _____ and access code _____, or in

Room _____ of the United States District Court, Eastern District of New York, 100 Federal

Plaza, Central Islip, N.Y. 11722, why this Court should not enter an Order pursuant to Rule 65 of

the Federal Rules of Civil Procedure, Section 20(b) of the Securities Act, Section 21(d) of the

Exchange Act, and Section 209(d) of the Advisers Act, directing that, pending a final disposition

of this action, preliminarily enjoining Defendants from violating Section 17(a) of the Securities

Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Sections 206(1) and

206(2) of the Advisers Act.

## II.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this

Court should not also enter an Order directing that, pending a final disposition of this action, the

Defendants and each of their financial and brokerage institutions, officers, agents, servants,

employees, and attorneys, and those persons in active concert or participation with them who

receive actual notice of such Order by personal service, facsimile service, telephonic notice,

notice by email, or otherwise, and each of them, hold and retain within their control, and

otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation,

concealment, or other disposal of any assets, funds or other property (including money, real or

personal property, securities, commodities, choses in action or other property of any kind

whatsoever) held by, or under the direct or indirect control of the Defendants, whether held in

their name or for their direct or indirect beneficial interest wherever situated, in whatever form

such assets may presently exist, including, but not limited to, the Janues Bank Account at

JPMorgan Chase Bank, N.A. ending in 0350; the Perera Bank Account at JPMorgan Chase

Bank, N.A. ending in 3175; and the Perera credit cards at JPMorgan Chase Bank, N.A. ending in 2805, 2866, 4223, 3368, 5386, 4961, 4542, 1309, and 3178.

### III.

**IT IS FURTHER ORDERED** that the Relief Defendant show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, the Relief Defendant and each of her financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with her who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by email, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets, funds or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) held by, or under the direct or indirect control of the Relief Defendant, whether held in her name or for her direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist, including, but not limited to, the Alahakoon TD Ameritrade Account ending in 7999.

### IV.

**IT IS FURTHER ORDERED** that the Defendants and the Relief Defendant show cause at that time why this Court should not also enter an Order, pending a final disposition of this action, enjoining and restraining them, and any person or entity acting at their direction or on their behalf, from destroying, altering, concealing, or otherwise interfering with the access of the Commission to any and all documents, books, and records that are in the possession, custody or control of the Defendants and the Relief Defendant, their respective officers, agents, servants,

employees, and attorneys, and those persons in active concert or participation with them, that concern, refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records concerning, referring, reflecting, or relating to the Defendants' and Relief Defendant's finances or business operations, or the offer, purchase or sale of securities offered or sold by or through the Defendants and the use of proceeds therefrom.

## V.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendants, and each of their agents, servants, employees, attorneys and other persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, are temporarily enjoined and restrained from any ongoing and future violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], by, directly or indirectly, singly or in concert, in the offer or sale of securities and by the use of the means or instruments of transportation or communication in interstate commerce or the mails, (1) knowingly or recklessly employing one or more devices, schemes or artifices to defraud, (2) knowingly, recklessly, or negligently obtaining money or property by means of one or more untrue statements of a material fact or omissions of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (3) knowingly, recklessly, or negligently engaging in one or more transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with

7

any person described in (a).

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendants, and each of their respective agents, servants, employees, attorneys and other persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, is temporarily enjoined and restrained from any ongoing and future violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder by, directly or indirectly, singly or in concert, in connection with the purchase or sale of securities and by the use of means or instrumentalities of interstate commerce, or the mails, or the facilities of a national securities exchange, knowingly or recklessly (i) employed one or more devices, schemes, or artifices to defraud, (ii) made one or more untrue statements of a material fact or omitted to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (iii) engaged in one or more acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with any person described in (a).

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendants, and each of their respective agents, servants, employees,

attorneys and other persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, are temporarily enjoined and restrained from any ongoing and future violations of Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. § 80b-6(1) and (2)] by, through use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, (1) to employ any device, scheme, or artifice to defraud any client or prospective client; and/or (2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with any person described in (a).

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, the Defendants and each of their financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by email, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets, funds or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever), held by, or under the direct or indirect control of the Defendants, whether held in their name or for their direct or indirect beneficial interest wherever situated, in whatever

9

form such assets may presently exist, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including, but not limited to, the Janues Bank Account at JPMorgan Chase Bank, N.A. ending in 0350; the Perera Bank Account at JPMorgan Chase Bank, N.A. ending in 3175; and the Perera credit cards at JPMorgan Chase Bank, N.A. ending in 2805, 2866, 4223, 3368, 5386, 4961, 4542, 1309, and 3178.

## IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, the Relief Defendant and each of her financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with her who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by email, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets, funds or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever), held by, or under the direct or indirect control of the Relief Defendant, whether held in her name or for her direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other

10

properties, including, but not limited to, the Alahakoon TD Ameritrade Account ending in 7999.

**X.**

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitations of Fed. R. Civ. P. 30(a)(2) or Fed. R. Civ. P. 30(d), the Commission may:

(1) Take depositions, subject to three (3) calendar days' notice by facsimile, email, or otherwise; depositions may be taken telephonically or by videoconference; as to the Defendants and the Relief Defendant, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, the Commission may depose such witnesses after serving a deposition notice by email upon the Defendants and the Relief Defendant, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on the Commission's Application;

(2) Obtain the production of documents, within three (3) calendar days from service by facsimile, email or otherwise of a request or subpoena, from ~~any persons or entities, including~~ non-party witnesses;

(3) Obtain other discovery, including interrogatories, requests for admissions, and requests to inspect the premises and files of the Defendants and the Relief Defendant within three (3) calendar days from the date of service by facsimile, email or otherwise of such other discovery requests, interrogatories, requests for admissions, or requests for inspection; and

(4) Serve any discovery requests, notices, or subpoenas, including subpoenas to non-

11

parties, by personal service, facsimile, overnight courier, email, or first-class mail
on an individual, entity, or the individual's or entity's attorney.

This order expediting discovery will remain in place beyond any hearing on the Commission's
Application and is without prejudice to, and does not in any way limit, the Commission's
discovery rights during the regular discovery process.

## XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the
Commission's Application for a Preliminary Injunction, each of Defendants and the Relief
Defendant shall file with this Court and serve upon the Commission, within three (3) business
days of the date of this Order, or within such extension of time as the Commission staff agrees to
in writing or is otherwise granted by the Court, a sworn written accounting, signed under penalty
of perjury, providing the following information as it applies to each of them individually:

(1)     A list of all accounts at all banks, brokerage firms or financial institutions
        (including the name of the financial institution and name and last four digits of the
        account number), tax identification numbers, telephone or facsimile transmission
        numbers (including numbers of pagers and mobile telephones), electronic mail
        addresses, World Wide Web sites or Universal Records Locators, Internet bulletin
        board sites, online interactive conversational spaces or chat rooms, Internet or
        electronic mail service providers, street addresses, postal box numbers, safety
        deposit boxes, and storage facilities used or maintained by the Defendants and/or
        by the Relief Defendant, or under their direct or indirect control, at any time from
        January 1, 2022 to the present.

(2)     All assets, liabilities and property currently held directly or indirectly by or for the

12

benefit of Defendants, and the Relief Defendant, including, but not limited to, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(3) All money, property, assets, and other income received by Defendants, and by the Relief Defendant, or for their direct or indirect benefit, in or at any time from January 1, 2022, to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed;

(4) All assets, funds, securities, and real or personal property of Defendants and the Relief Defendant, transferred to or for the benefit of any other person or entity from January 1, 2022, to the date of the accounting, including a description of each transferred asset, the name of the recipient, and the date of the transfer; and

(5) The names and last known addresses of all bailees, debtors, and other persons and entities that are currently holding the assets, funds, or property of the Defendants and the Relief Defendant.

**XII.**

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and the Relief Defendant, and any person or entity acting at their direction or on their behalf, are temporarily restrained from destroying, altering, concealing, or otherwise interfering with the access of the Commission to any and all documents, books, and records that are in the possession, custody or control of the Defendants, and the Relief Defendant, their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, that

13

refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting, or relating to Defendants' and the Relief Defendant's finances or business operations, or the offer, purchase or sale of investment contracts or any other securities offered or sold by or through Defendants and the Relief Defendant and the use of proceeds therefrom.

## XIII.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendants, and the Relief Defendant or their attorneys who agrees to accept service on their behalf, on or before _____ __, 2023, by email at Perera's email addresses info@januescap.com, ending in ------era@hotmail.com, personal delivery; facsimile; overnight courier; or first-class mail.

## XIV.

**IT IS FURTHER ORDERED** that Defendants and the Relief Defendant shall file on ECF or deliver any opposing papers in response to the Order to Show Cause above no later than _____ __, 2023, at 5:00 p.m.  If not filed on ECF, service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission at 100 Pearl Street, Suite 20-100, New York, New York 10004-2616, Attn: Kevin P. McGrath, by email to mcgrathk@sec.gov, or to such other place as counsel for the Commission may direct in writing, and a courtesy copy shall be delivered to chambers.  The Commission shall have until _____ __, 2023, at 5:00 p.m., to file any reply papers on ECF and, if the Defendants and Relief Defendant do not file their opposition on ECF, serve, by the most expeditious means available (which may include any form of service authorized in paragraph XIII above for service of a copy of this Order), the reply

~~papers upon the Defendants and the Relief Defendant, or their counsel.~~

## XV.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the

Defendants and the Relief Defendant, and each of their officers, agents, servants, employees, and

attorneys, and those persons in active concert or participation with them who receive actual

notice of this Order by email, personal service, facsimile, overnight courier, or otherwise.

This Order shall expire 14 days after entry.

/s/Gary R. Brown
_____
UNITED STATES DISTRICT JUDGE

Issued at:      3 : 23  p .m.
                March 27, 2023
                Central Islip, New York

15